# GEORGE KOCHENDORFER v. R. J. McKERCHER.[1]

December 22, 1911.

Nos. 17,433—(219).

**Action for wages — question for jury.**

Action by minor for balance of wages claimed to be due. Defense, payment and counterclaims based on a series of trades by which plaintiff bought certain chattels of defendant. Verdict in favor of plaintiff, and appeal by defendant from judgment entered pursuant to the verdict. *Held:* The defendant was not entitled to a directed verdict, and the trial court did not err in its rulings on the admission of evidence. [Reporter.]

Action in the district court for Red Lake county to recover $70, balance al-

1 Reported in 133 N. W. 1133.

leged to be due upon an agreement of hiring. Besides the defense of full payment, the answer set up three counterclaims. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff for $61.54. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*G. Halvorson*, for appellant.

*Chas. E. Boughton*, for respondent.

PER CURIAM.

Action by a minor to recover $70, the balance alleged to be due to him for one year's work and labor performed for the defendant at his request. The defense was payment and counterclaims aggregating $70, for which the defendant demanded judgment. The reply put in issue the allegations of new matter in the answer. The issues were submitted to the jury, a verdict returned for the plaintiff in the sum of $61.54, and judgment entered thereon from which the defendant appealed.

The assignments of error raise the questions whether the defendant was entitled to a directed verdict and whether the court erred in its rulings as to the admission of evidence. We find no reversible error in the rulings of the court. The counterclaims relied on by the defendant were based on a series of trades between the parties, whereby the plaintiff purchased of the defendant certain articles of personal property, including a yoke of oxen. The contention of the defendant is to the effect that the evidence shows as a matter of law that each trade was a separate one, fully executed, and fair, hence this case falls within the rule of Johnson v. Northwestern Mut. Life Ins. Co. 56 Minn. 365, 57 N. W. 934, and the defendant should have been credited with the purchase price of the oxen. The record obviously does not justify this claim, for it clearly tends to show that each time the plaintiff, a minor, traded with the defendant, his employer, the trade was an improvident one for the plaintiff, and that the verdict was a just one.

Judgment affirmed.